**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**BANCINSURE, INC.**                                                                                     **PLAINTIFF**

**VERSUS**                                                    **CIVIL ACTION NO.  3:11cv78-TSL-MTP**

**PEOPLES BANK OF THE SOUTH**                                                           **DEFENDANT**

**ORDER**

THIS MATTER is before court on the Defendant's Motion [93] to Compel Discovery. The court held a telephonic hearing on the Motion [93] on January 12, 2012.  After hearing arguments from counsel, the court ordered Plaintiff BancInsure, Inc. ("BancInsure") to produce the withheld documents to the court for an *in camera* review.  Having considered the submissions of the parties, the arguments of counsel, and the applicable law, and having reviewed the withheld documents *in camera*, the court finds that BancInsure's Motion [93] should be granted in part and denied in part.

This case arises out of the denial of claims made by Defendant Peoples Bank of the South ("Peoples Bank") on a financial institution bond and directors and officers policy issued by BancInsure.  BancInsure filed its Complaint for Declaratory Judgment [1] on February 10, 2011, seeking a determination of coverage by the court.  Peoples Bank has alleged counterclaims against BancInsure for bad faith denial of claims, breach of contract, and breach of good faith and fair dealing.  *See* Counterclaim [5].

In its Motion [93], Peoples Bank seeks the production of all documents withheld on the basis of the work-product doctrine or the attorney-client privilege.[1]  Peoples Bank claims that

---

[1] Document request numbers 4-8 are at issue.  The requests concern documents relating to the handling, investigation, and denial of the claims submitted by Peoples Bank under

BancInsure's assertions of reliance on the advice of counsel in investigating and denying Peoples Bank's claims results in a waiver of the attorney-client privilege. Peoples Bank further disputes BancInsure's assertion of the work-product doctrine, claiming the documents sought were created in the normal course of business and not in anticipation of litigation. Further, even if the work-product doctrine were applicable, Peoples Bank claims it is entitled to the documents based on substantial need. Finally, Peoples Bank seeks an order compelling a response to Interrogatory No. 13, which requests information regarding all other litigation in the last five years involving bond or policy claims relating to alleged fraudulent activities by bank employees where the insured bank prevailed against BancInsure.

In Response [96], BancInsure claims it has not waived the attorney-client privilege and has not and is not asserting the defense of reliance on advice of counsel. BancInsure further maintains that the withheld documents protected by the attorney-client privilege are also protected by the work-product doctrine, as they were created in anticipation of litigation. BancInsure stands by its objections to Interrogatory No. 13 that the request is irrelevant and unduly burdensome.

### Attorney-Client Privilege

In order to invoke the attorney-client privilege, BancInsure must establish, *inter alia*, that the communication in question was made for the purpose of seeking or rendering legal advice. *See Buford v. Holladay*, 133 F.R.D 487, 491 (S.D. Miss. 1990). "[T]he protection of the privilege extends only to communications and not to facts." *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981).

---

the bond and the policy. *See* Motion [93].

The attorney-client privilege "was intended as a shield, not a sword." *Conkling v. Turner*, 883 F.2d 431, 434 (5th Cir. 1989) (quoting *Pitney-Bowes, Inc. v. Mestre*, 86 F.R.D. 444, 446 (S.D. Fla.1980)). "[W]hen confidential communications are made a material issue in a judicial proceeding, fairness demands treating the defense as a waiver of the privilege." *Conkling*, 883 F.2d at 434 (quoting *United States v. Mierzwicki*, 500 F. Supp. 1331, 1335 (D. Md.1980)). The privilege is waived when a litigant "place[s] information protected by it in issue through some affirmative act for his own benefit, and to allow the privilege to protect against disclosure of such information would be manifestly unfair to the opposing party." *Conkling*, 883 F.2d at 434 (quoting *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash.1975)).

Peoples Bank does not contest specific documents identified on the privilege log. Rather, it makes a blanket argument that the attorney-client privilege is waived for all withheld documents based BancInsure's assertion of reliance on advice of counsel. A review of the withheld documents confirms that the documents at issue are protected by the attorney-client privilege. Without revealing privileged material, the court notes that the documents generally consist of communications to/from outside counsel regarding legal issues and litigation strategy. Indeed, many of the documents at issue were created after this lawsuit was filed.

BancInsure has not raised, and represents that it does not intend to raise reliance on the advice of counsel as an affirmative defense to Peoples Bank's allegations in its counterclaim. As Peoples Bank points out, BancInsure's Rule 30(b)(6) representative testified that Peoples Bank relied on counsel in determining whether to accept or deny coverage for the claims, and BancInsure's discovery responses indicate that outside counsel was involved in determining that the claims were not covered. However, with both the deposition testimony and the interrogatory

3

responses, the statements were made in response to questions posed by Peoples Bank's counsel. The mere fact that an insurance company hires outside counsel to write a coverage opinion does not result in the waiver of the attorney-client privilege. *See Aull v. Cavalcade Pension Plan*, 185 F.R.D. 618, 630 (D. Colo. 1998) (finding no waiver of the attorney-client privilege where the defendants did not affirmatively assert good faith or reliance on the advice of counsel in defending against the plaintiff's claims; "the fact that Defendant . . . has stated in deposition testimony that the Plan Committee relied on advice of counsel in denying Mr. Aull's claim does not establish an at issue waiver as to this advice.  This statement alone does not indicate that the Defendants have taken affirmative action to place the advice of the Plan Committee's counsel at issue"). Based on the foregoing, the court finds no waiver of the attorney-client privilege.

<u>Work-Product Doctrine</u>

"Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A).  In order for a document to be protected by the work-product doctrine, "litigation need not necessarily be imminent ... as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation." *United States v. Davis*, 636 F.2d 1028, 1040 (5th Cir.1981).  However, the work-product doctrine does not apply to documents prepared in the ordinary course of business. *See United States v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982).  Moreover, materials protected by the work-product doctrine "may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue

hardship, obtain their substantial equivalent by other means." *Id.*

During the hearing, BancInsure represented that it anticipated litigation in late 2009.[2] All of the documents at issue are dated January 8, 2010 and after.[3] A large portion of the documents were created after the instant litigation was filed. As previously stated, the majority of the documents consist of communications between BancInsure and counsel regarding legal issues and litigation strategy.[4] The court finds that the withheld documents are protected by the work-product doctrine, and that Peoples Bank has failed to show that it has a substantial need for the documents.

Interrogatory No. 13

Peoples Bank seeks an order compelling a response to Interrogatory No. 13, which requests information regarding all other litigation in the last five years involving bond or policy claims relating to alleged fraudulent activities by bank employees. Peoples Bank further voluntarily limited the request to include litigation where the insured bank prevailed against BancInsure. BancInsure objects to the interrogatory on the basis that it is irrelevant and unduly

---

[2]BancInsure based its position on the fact that in 2009, it was involved in litigation with Peoples Bank before this court involving similar claims. The suit was filed by Peoples Bank in March 2009, but it did not amend its complaint to allege bad faith claims until December 2009. *See Peoples Bank of the South v. BancInsure*, No. 3:09cv217-TSL-JCS. Due to the nature of the other litigation between the parties, BancInsure states that it seemed very likely that a denial of the claim would lead to another lawsuit by the bank. *See* Response [96] at 12.

[3]*See* Supplemental Privilege Log, Ex. L to Motion [93-12]. One document (document 87, bates numbered Claims 621-22) on the privilege log is dated July 31, 2009. However, pursuant to BancInsure's letter dated January 12, 2012, addressed to the court and copied to counsel for Peoples Bank, this document is not privileged and has been produced in its entirety.

[4]With the exception of three documents on the privilege log (documents 112, 135, 148), all documents withheld on the basis of the work-product doctrine were also withheld on the basis of the attorney-client privilege.

burdensome, claiming it does not maintain a list of litigation categorized by subject or result and would have to manually search its files to obtain the requested information.

"Where relevance is at issue, the burden is on the moving party to show the materials and information sought are relevant to a claim or defense or will lead to the discovery of admissible evidence." *Baptist Health v. BancorpSouth Ins. Servs., Inc*., 270 F.R.D. 268, 272 (N.D. Miss. 2010). "Likewise, the party resisting discovery must specifically articulate how each discovery request is not relevant or is overly broad, burdensome, or oppressive." *Id.* The court finds that the information requested is relevant and that BancInsure has failed to establish that obtaining the information would be unduly burdensome or oppressive. However, the court will further limit the scope of the interrogatory to the past three years. Accordingly,

IT IS, THEREFORE, ORDERED:

1. That Peoples Bank's Motion [93] is GRANTED in part and DENIED in part.
2. Peoples Bank's request for the production of privileged documents is denied.
3. Peoples Bank's request regarding Interrogatory No. 13 is granted in part and denied in part. BancInsure shall produce the requested information limited to the last three years. BancInsure shall produce the information by January 31, 2012.

SO ORDERED this the 18th day of January, 2012.

                                              s/ Michael T. Parker
                                              United States Magistrate Judge